27 Misc. Rep. 202, 57 N. Y. Supp. 795; Alexander v. City of Albany, 55 App. Div. 238, 66 N. Y. Supp. 1084. It was proper, therefore, to give judgment for the plaintiff upon the verified complaint.

The defendant sought to set up the defense of the statute of limitations in his "second and separate answer and defense"; but a reading of the allegations of the answer shows conclusively that the defendant has failed to make the necessary allegations to bar the present action, which is brought upon a second judgment founded upon the judgment to which the defendant refers in his pleadings. It does not seem necessary to enter into a detailed criticism of the pleading in this respect; the defects are obvious.

[2] The third separate answer requires no discussion. There is no public policy which forbids an assignment of a claim to a private individual for the purpose of collection, and the defendant offered no evidence in support of this alleged defense.

The judgment appealed from should be affirmed, with costs. All concur, except KELLOGG, J., who dissents.

---

TAGGART v. FRANCIS DRAZ & CO. et al.   (No. 6452.)

(Supreme Court, Appellate Division, First Department.   November 27, 1914.)

1. ACTION (§ 50*)—EXECUTORS AND ADMINISTRATORS (§ 427*)—JOINDER—REPRESENTATIVE CAPACITY.

Where defendants by misrepresentations induced plaintiff, who was interested in and was both an executor and trustee, to sell corporate stock belonging to the estate, plaintiff has three rights of action, as an individual, as an executor, and as trustee, and, if such actions are commingled, a demurrer on the ground of misjoinder should be sustained.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 511–547; Dec. Dig. § 50;* Executors and Administrators, Cent. Dig. §§ 1666–1672; Dec. Dig. § 427.*]

2. CORPORATIONS (§ 495*)—LIABILITY OF CORPORATIONS.

For a corporation to be liable for misrepresentations by its directors, which induced plaintiff to sell shares of stock therein, it must appear that the corporation itself shared in the purchase.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1906; Dec. Dig. § 495.*]

3. CORPORATIONS (§ 306*)—ACTIONS AGAINST OFFICERS.

Where the sole surviving directors of a corporation, by misrepresenting the value, induced plaintiff to sell to them stock in the corporation, they are liable to plaintiff for damages for their fraud.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1457, 1458; Dec. Dig. § 306.*]

Appeal from Special Term, New York County.

Action by Frederick S. Taggart, individually and as executor, etc., against Francis Draz & Co. and others. From an order sustaining a demurrer to the complaint, plaintiff appeals.

The opinion of Lehman, J., at Special Term, is as follows:

The plaintiff sues, individually and as executor of and trustee under the will of Frank A. Taggart, for damages suffered by reason of the alleged misrepresentations made by the defendants Eschwege and Draz, individually and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as sole surviving directors of the corporate defendant, whereby they induced the plaintiff to sell, individually and as executor and trustee, certain shares of the stock of the corporate defendant for an inadequate consideration, and to execute and deliver to them an assignment in blank of the said shares, and a further paper in blank whereby he released as executor and trustee all his right, title, and interest in and to said shares. The defendants have demurred to this complaint on the grounds that there is a misjoinder of parties plaintiff, that causes of action have been improperly united, and that the complaint does not state facts sufficient to constitute a cause of action.

[1] It appears that the title to the shares alleged to have been assigned vested in the plaintiff as executor, and that, unless there has been a division of the estate and a setting apart of the securities to the legatees, the plaintiff, as executor, is vested with a cause of action for the damages suffered by reason of the fraud by which the transfer of these shares by such executor was secured. In such an action it may be that the plaintiff, individually and as trustee, would have some interest in the cause of action by reason of his ultimate right to the shares as legatee under the will, and might therefore be a proper, though not a necessary, party to the action. In the view which I take of the complaint, however, this question does not arise in this action, and need not be considered by me, for the complaint does not merely make the plaintiff, individually and as trustee, party to a cause of action arising by reason of the acts of the executor; but it alleges that these acts were performed by the plaintiff, either individually and as executor and trustee, or as executor and trustee, and seeks damages for these acts. Any acts of the plaintiff, individually and as executor and as trustee, would seem to give rise to three separate and distinct causes of action, for in so far as he was acting as executor he could not have been acting individually and as trustee. While undoubtedly the complaint fails to set forth a complete cause of action in either of the latter capacities, the pleader seems to have realized that there was a distinction in these capacities, and seems to have at least made some attempt to set forth separate causes of action. This would seem especially true of the allegations of the plaintiff's acts as an individual, which seem somewhat clearly differentiated from his acts as executor and trustee. It follows, therefore, that the demurrer should be sustained on the grounds that there is a misjoinder of parties plaintiff and a misjoinder of causes of action.

[2, 3] I also think that, while the complaint sets forth a good cause of action against the individual defendants, it fails to set forth a cause of action against the corporate defendant. The theory of the action seems to be that the plaintiff is entitled to the difference between the actual value of the shares of stock and the price at which it was secured by reason of the alleged misrepresentations. In order to hold the corporate defendant in such an action, the complaint must allege, either directly or by fair inference, that the corporation itself shared in the purchase. There is no direct allegation to this effect, and I do not think that the facts stated gave rise to such an inference. The complaint does not even state that the corporation had a surplus from which it could purchase the stock without a breach of the Penal Law. It is true that the complaint states that the stock was in fact worth $141.15 per share; but the value given may well be due to earning capacity, and not to surplus, especially as the complaint states that the plaintiff was ignorant of its earning capacity. The allegations of the complaint, from which I am asked to infer that the corporation was interested in the purchase, are only statements that the assignment and release in blank were delivered to these defendants and paid for by checks of the corporation. In the absence of a statement of the nature of the delivery, all of these statements are, in my opinion, insufficient to allow any inference that the corporate defendant obtained or was intended to obtain any title to this stock.

Motion is therefore denied, with $10 costs, and with leave to serve an amended complaint within 10 days upon payment of costs.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

R. B. Knowles, of New York City, for appellant.
G. P. Hotaling, of New York City, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the opinion of Lehman, J., at Special Term, with leave to plaintiff to serve amended complaint, on payment of costs in this court and in the court below. Order filed.

---

WESTMINSTER PRESBYTERIAN CHURCH OF WEST TWENTY-THIRD ST. v. TRUSTEES OF PRESBYTERY OF NEW YORK. (No. 6422.)

(Supreme Court, Appellate Division, First Department. November 27, 1914.)

PLEADING (§ 280*)—ANSWER—SUPPLEMENTAL ANSWER.
　　Where the prior judgment sought to be set up as a bar in the supplemental answer has been reversed, and the complaint dismissed, leave to serve such supplemental answer should be denied.
　　[Ed. Note.—For, other cases, see Pleading, Cent. Dig. §§ 842–846; Dec. Dig. § 280.*]

Appeal from Special Term, New York County.

Action by the Westminster Presbyterian Church of West Twenty-Third Street against the Trustees of the Presbytery of New York. From an order denying plaintiff's motion for judgment on the pleadings, and from an order granting defendant leave to serve a second supplementary answer, plaintiff appeals. Order denying motion for judgment affirmed, order granting motion to serve supplementary answer reversed, and motion denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Richmond J. Reese, of New York City, for appellant.
Henry W. Jessup, of New York City, for respondent.

PER CURIAM. The order denying the motion for judgment on the pleadings should be affirmed, without costs. As to the second order, inasmuch as the prior judgment now sought to be set up as a bar in the supplemental answer has been reversed, and the complaint dismissed, the order granting such leave should be reversed, and the motion denied, without costs.

---

(87 Misc. Rep. 610)　　　　In re DEITZ.

In re BRADY.

(Supreme Court, Special Term, Kings County. November 24, 1914.)

1. MANDAMUS (§ 23*)—CANVASS OF ELECTION RETURNS—COMPELLING CANVASS "CANDIDATE"—"PARTY CANDIDATE"—"INDEPENDENT CANDIDATE."
　　Under Election Law (Consol. Laws, c. 17) § 358, subd. 4, as amended by Laws 1913, c. 821, providing, relative to the preparation of the ballot by a voter, that, to vote for any "candidate" not on the ballot, he shall write the candidate's name on a line left blank, in the appropriate place, a person so voted for is a "candidate," within section 381, authorizing the issuance of a writ of mandamus upon the application of any candi-

---